UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN M. KIGHT<br>8512 58th Avenue<br>Berwyn Heights, MD. 20740<br><br>and<br><br>FUNNELS, LLC<br>8512 58th Avenue<br>Berwyn Heights, MD. 20740<br><br>Plaintiffs,<br><br>v.<br><br>CRUNCHY TOBACCO, INC.<br>P. O. Box 6028<br>Arlington, Virginia 22206<br><br>Serve:   Ahmed Aboalhassan<br>         3801 Executive Avenue<br>         Apt. A22<br>         Alexandria, VA. 22305-2353<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR:**

**(1) Trademark Infringement in Violation of 15 U.S.C. § 1114**
**(2) False Designation of Origin / Unfair Competition in Violation of 15 U.S.C.§1125(a)**
**(3) Trademark Dilution in Violation of 15U.S.C. § 1125(c)**
**(4) Common Law Trademark Infringement and Unfair Competition**

Plaintiffs Nathan M. Kight and Funnels, LLC (sometimes "Plaintiffs") for their Complaint

against Defendant Crunchy Tobacco, Inc. ("Defendant") alleges as follows:

**PRELIMINARY STATEMENT**

1.      Defendant is currently selling in the District of Columbia, Maryland and Virginia a

tobacco product it calls "Crunchy Funnel." Plaintiff Nathan M. Kight is the owner of the

Registered Trademark "FUNNELS" which is the brand for Plaintiff Funnels, LLC's tobacco

COMPLAINT - Page 1

products, including a product of crushed tobacco leaves sold as "Funnels Blackout" under its "Funnels" brand." Defendant's "Crunchy Funnel" product has caused and is likely to continue to cause confusion and dilution and create an erroneous association between Plaintiffs' products and Defendant's product. In fact, there is already evidence of significant confusion and dilution occurring in the marketplace.

2. Plaintiffs file this lawsuit to maintain control of their brand, to protect their intellectual property, and to clear the confusion and dilution in the marketplace by setting the record straight. As an innovative and high quality brand that strives to maintain its quality and product standards Plaintiffs should make the decision about what products it should put its brand "Funnels" on, not third parties like Defendant. Plaintiffs request that the Court immediately and permanently stop Defendant Crunchy Tobacco, Inc. from fulfilling all orders for its Crunchy Funnel.

## THE PARTIES

3. Plaintiff Nathan M. Kight is a citizen of the State of Maryland and the owner of Registration No. 5947822, the word mark FUNNELS, United States Patent and Trademark Office.

4. Plaintiff Funnels, LLC is a limited liability corporation organized under the laws of the State of Maryland with its principal place of business in the State of Maryland.

5. On information and belief Defendant Crunchy Tobacco, Inc. is a corporation organized under the laws of the Commonwealth of Virginia with its principal place of business in Arlington, Virginia.

## JURISDICTION AND VENUE

6. This action arises under the trademark and anti-dilution laws of the United States,

15 U.S.C. § 1051, *et seq*., and under statutory and common law of unfair competition. This Court has subject matter jurisdiction at least under 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338 because this action arises under federal trademark law. This Court has supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.

7. On information and belief, this Court may exercise personal jurisdiction over Defendant Crunchy Tobacco, Inc. because Defendant does business in this District and has committed acts of infringement at issue in this Complaint in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Defendant does business in this District and has committed acts of infringement at issue in this Complaint in this District.

**FACTUAL BACKGROUND**

9. Plaintiff Funnels, LLC principal business activity is the manufacture of high quality "roll your own" products and ground tobacco products of the same quality.

10. Plaintiff Funnels, LLC is the largest seller of such specialty high quality products in the Washington, Maryland and Virginia Metropolitan area.

11. Funnels, LLC "Original Funnels" is a high quality, whole-leaf tobacco sold in brown pouches measuring 3.5 x 7 inches prominently marked as "Original". Funnels Blackout is sold in black pouches measuring 3 x 4 inches. Plaintiff Funnels, LLC first introduced the Original Funnels in 1999. The product was recognized immediately by the marketplace for its high quality. It developed a loyal following in the Washington Metropolitan Area, with sales increasing each year since its inception. Consumers who purchased the Original Funnels recognized Plaintiff Funnels, LLC as the source of this product because of the mark FUNNELS.

12. In 2000 Funnels, LLC introduced a shredded product consisting of the same high

quality tobacco leaves under the "FUNNELS" brand labelled "Funnels Blackout." Like "Original Funnels" "Funnels Blackout" has been a market success since its inception primarily because of its high quality and the FUNNELS brand.

13. On December 31, 2019, The United States Patent and Trademark Office granted Registration to the word mark FUNNELS on the Principal Register as Registration No. 5947822 for International Classes 025, graphic T-shirts, and 034, hand-rolling tobacco, leaf tobacco, roll your own tobacco, rolling tobacco.

14. Funnels, LLC sells to consumers through independent distributors primarily throughout the District of Columbia, the State of Maryland and the Commonwealth of Virginia. Its products, however, are known and recognized nationally and internationally.

15. Funnels, LLC uses its trademark on all of its products to identify its unique brand.

16. Having a distinctive trademark that is readily identifiable is an important factor in creating a market for Funnels's products, in identifying Funnels, LLC and its brand, and in distinguishing Funnels's products from the products of others.

17. As a result of continuous and long-standing promotion, substantial sales, and consumer recognition, Funnels, LLC has developed powerful trademarks rights, including the marks described in this Complaint.

18. Funnels, LLC maintains strict quality control standards for its products bearing its trademarks. Genuine Funnels, LLC products bearing the FUNNELS Mark are inspected, sanitized, cleaned of all foreign and artificial substances and approved by Funnels prior to distribution and sale. Curing times, temperatures and humidity are carefully controlled in order to insure consistency.

19. Funnels, LLC maintains strict control over the use of its trademarks in connection

with its products so that the company can maintain control over its related business reputation and goodwill. Funnels, LLC carefully determines how many products bearing its trademarks are released, where the products are released, when the products are released, and how the products are released.

20. Funnels, LLC adopted the FUNNELS word mark in 1999 and since then has continuously promoted and sold products bearing the mark, including in connection its iconic products like the ones described in this Complaint.

21. Funnels, LLC has also promoted and sold products bearing the FUNNELS mark in various orientations and placements.

22. Funnels, LLC as spent tens of thousands of dollars promoting its design branded products in the United States.

23. Funnels, LLC advertises and promotes products bearing the FUNNELS word mark and design through a variety of traditional and non-traditional means, including print advertising and social media.

24. As a result of Funnels, LLC's promotional and sales efforts over the past nearly 20 years, the FUNNELS word mark and design are among the most famous, recognizable, and valuable trademarks in its industry in the Washington Metropolitan Area and in all of the fifty States.

25. Pursuant to 15 U.S.C. § 1065, Funnels, LLC's U.S. Trademark Registration No. 5947822 is incontestable and constitutes conclusive evidence of the validity of the FUNNELS word mark, Funnels, LLC's ownership of the FUNNELS word mark, and Funnels, LLC's exclusive right to use the FUNNELS word mark.

**DEFENDANT'S UNLAWFUL ACTIVITIES**

26. Defendant Crunchy Tobacco, Inc. uses the website www.crunchyfunnel.com

to infringe on the FUNNELS mark and to promote its infringing product.

27. Defendant's product prominently displays the word "Funnel" in an attempt to confuse consumers and Plaintiffs' distributors into believing that the product comes from Plaintiff Funnels, LLC. Several of Plaintiff's distributors, being confused by the use of Plaintiffs' trademark, believe the source of the infringing product to be the Plaintiff, Funnels, LLC.

28. In addition, in recent months Defendant has engaged in a campaign of intimidation against Plaintiffs' distributors by falsely threatening them with litigation if they continue to carry Plaintiffs' products and demanding that they cease selling Plaintiff Funnels, LLC's product by using false claims of trademark ownership of the word "funnel."

29. In the short time since the announcement of by the Defendant of its product and through its illegal and abusive marketing tactics Plaintiff Funnels, LLC has suffered significant harm to its goodwill, including among distributors and consumers who believe that the Defendant's infringing product is endorsed by Funnels, LLC.

30. As shown above, Defendant is deceiving Plaintiff Funnels, LLC's customers and the consumers of its products into believing that Funnels, LLC manufactures or approves of the Crunchy Funnel product. Consumers' believe that the product is a genuine Funnels, LLC product, causing consumers to not want to purchase Funnels, LLC products in the future.

31. Defendant's product, however, is not a genuine FUNNELS product. Funnels, LLC did not manufacture or inspect the product, and Funnels, LLC did not authorize Defendant to make, promote, advertise, market, or sell the Crunchy Funnel product.

32. The Defendant, on information and belief, has priced and designed its product and trade dress in such a manner that it appears to be a new product from Plaintiff but at a lower price. The result is a diversion of sales from the Plaintiff by a product not authorized by

Plaintiff Funnels, LLC.

33. Defendant has attempted to capitalize on Funnels, LLC's valuable reputation and customer goodwill by using the FUNNELS mark in a manner that is likely to cause, and has caused, consumers and potential customers to believe that Defendant's product is associated with Funnels, LLC, when they are not.

34. By virtue of the acts complained of herein, Defendant has created a likelihood of injury to Funnels, LLC's business reputation and goodwill, caused a likelihood of consumer confusion, mistake, and deception as to the source of origin or relationship of Funnels, LLC's products and Defendant's products, and has otherwise competed unfairly by unlawfully trading on and using the FUNNELS Mark without permission.

35. Unless stopped, Defendant's product and its use of Funnels, LLC's Mark will continue to cause confusion in the marketplace, including but not limited to initial interest confusion, post-sale confusion, confusion in the secondary tobacco product markets, and dilution by blurring and tarnishment.

36. Defendant's acts complained of herein are willful and deliberate.

37. Defendant's acts complained of herein have caused damage to Funnels, LLC in an amount to be determined at trial, and such damages will continue to increase unless Defendant is preliminarily and permanently enjoined from its wrongful acts.

38. Defendant's acts complained of herein have caused Funnels, LLC to suffer irreparable injury to its business. Plaintiffs will suffer substantial loss of goodwill and reputation unless and until Defendant is preliminarily and permanently enjoined from the wrongful acts complained of herein.

## COUNT I
## TRADEMARK INFRINGEMENT
## IN VIOLATION OF 15 U.S.C. § 1114

39. Plaintiffs repeat and allege each and every allegation of paragraphs 1 through 38, above, as though fully set forth herein.

40. Defendant has knowingly used and continues to use in commerce, without Plaintiffs' permission or authorization, the FUNNELS Mark, and/or confusingly similar marks, in connection with products manufactured, advertised, promoted, and sold in the United States. Defendant has used Plaintiffs' Mark with the knowledge of, and the intent to call to mind and create a likelihood of confusion with regard to and/or trade off Plaintiffs' Mark.

41. Defendant's use of Plaintiffs' Mark (a) constitutes infringement of Plaintiffs' Mark; (b) is likely to confuse, mislead, or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendant's product with Plaintiffs' products; and (c) is likely to cause such people to believe in error that Defendant's product has been authorized, sponsored, approved, endorsed, or licensed by Funnels, LLC or that Defendant is in some way affiliated with Funnels, LLC.

42. Funnels, LLC has no control over the nature and quality of the product offered by Defendant, and Funnels, LLC's reputation and goodwill will be damaged—and the value of its Mark jeopardized—by Defendant's continued use of the FUNNELS Mark and/or confusingly similar marks. Because of the likelihood of confusion between Defendant's product and the Funnels, LLC Mark, any defects, objections, or faults found with Defendant's product will negatively reflect upon and injure the reputation that Funnels, LLC has established for the products it offers in connection with its registered Mark. As such, Defendant is liable to Funnels, LLC for infringement of its registered mark under 15 U.S.C. §1114.

43. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered, continue to suffer, and/or are likely to suffer damage to their trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendant will continue to use Plaintiffs' Mark and/or confusingly similar marks and will cause irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy at law. Thus, Plaintiffs are entitled to an injunction restraining Defendant and, as applicable, Defendant's other officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of infringement.

44. Plaintiffs are further entitled to recover from Defendant the actual damages Plaintiffs have sustained, are sustaining, and/or are likely to sustain as a result of Defendant's wrongful acts.

45. Defendant's use of Plaintiffs' Mark and/or confusingly similar marks has been intentional and willful. Defendant's bad faith is evidenced at least by the similarity of the marks on Defendant's product to the FUNNELS Mark, by the similarity of the product packaging, and the extensive nature of the infringement. Because of the willful nature of Defendant's wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

46. Pursuant to 15 U.S.C. § 1117, Plaintiffs are also entitled to recover their costs of suit and its attorneys' fees because this is an exceptional case.

### COUNT II
### FALSE DESIGNATION OF ORIGIN / UNFAIR COMPETITION
### IN VIOLATION OF 15 U.S.C § 1125(A)

47. Plaintiffs repeat and allege each and every allegation of paragraphs 1 through 4 6 above, as though fully set forth herein.

48. The FUNNELS Mark is federally registered and entitled to protection under federal and common law. Funnels, LLC has extensively and continuously promoted and used the FUNNELS Mark for many years. Through that extensive and continuous use, the FUNNELS Mark has become a famous and well-known indicator of the origin and quality of Plaintiffs' products.

49. Defendant's unauthorized use of the FUNNELS Mark and/or confusingly similar marks constitutes a false designation of origin that is likely to cause consumer confusion, mistake, or deception as to the origin, sponsorship, or approval of Defendant and/or Defendant's product by creating the false and misleading impression that Defendant's product is manufactured by, authorized by, or otherwise associated with Plaintiff Funnels, LLC.

50. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered, continue to suffer, and/or are likely to suffer damage to its trademarks, business reputation, and goodwill that money cannot compensate. Unless enjoined, Defendant will continue to use Plaintiffs' Mark and/or confusingly similar marks and will cause irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy at law. Thus, Plaintiffs are entitled to an injunction precluding Defendant's and as applicable, Defendant's other officers, members, agents, servants, and employees, and all persons acting in concert with them, from using Plaintiffs' Mark and/or confusingly similar marks in connection with Defendant and the promotion, marketing, offer to sell, or sale of any Defendant product.

51. Plaintiffs are further entitled to recover from Defendant the actual damages Plaintiffs have sustained, are sustaining, and/or are likely to sustain as a result of Defendant's wrongful acts.

52. Defendant's use of the FUNNELS Mark and/or confusingly similar marks has been

intentional and willful. Defendant's bad faith is evidence at least by the similarity of the markings on Defendant's products to Plaintiff's Mark and the extensive nature of the infringement. Because of the willful nature of Defendant's wrongful acts, Funnels, LLC is entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

53. Pursuant to 15 U.S.C. § 1117, Funnels, LLC is also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

## COUNT III
## TRADEMARK DILUTION
## IN VIOLATION OF 15 U.S.C. § 1125(C)

54. Plaintiffs repeat and allege each and every allegation of paragraphs 1 through 53, above, as though fully set forth herein.

55. The FUNNELS Mark has become famous throughout the Washington Metropolitan Area and the United States as a result of the duration, extent, and geographical reach of advertising and publicity, the amount, volume, and geographical extent of Plaintiff Funnels, LLC's sales and trading areas, their channels of trade, their degree of recognition, and registration of the Mark.

56. Because Plaintiffs' products bearing the FUNNELS Mark has gained a reputation synonymous with quality, styling, and authenticity, the FUNNELS Mark has gained substantial renown. Defendant has used and continues to use in commerce the FUNNELS Mark or confusingly similar marks in connection with the advertisement, promotion, and sale of Defendant products.

57. Defendant's use of the FUNNELS Mark and/or confusingly similar marks has caused, continues to cause, and/or is likely to cause irreparable injury to and dilution of the distinctive quality of the FUNNELS Mark in violation of Plaintiffs' rights under 15 U.S.C. § 1125(c). Defendant's wrongful use of the FUNNELS Mark is likely to cause dilution by blurring

and the whittling away of the distinctiveness and fame of the FUNNELS Mark. In addition, Defendant's wrongful use of the FUNNELS Mark is likely to cause dilution by tarnishment.

58. As a direct and proximate result of Defendant's wrongful acts, Plaintiffs have suffered, continue to suffer, and/or are likely to suffer damage to their trademarks, business reputation, and goodwill that money cannot compensate. Unless restrained, Defendant will continue to use the FUNNELS Mark and/or confusingly similar marks and will cause irreparable damage to Plaintiffs for which Plaintiffs have no adequate remedy at law. Thus, Plaintiffs are entitled to an injunction restraining Defendant and, as applicable, Defendant's other officers, members, agents, servants, and employees, and all persons acting in concert with them, from engaging in further acts of dilution.

59. Plaintiffs are further entitled to recover from Defendant the actual damages they have sustained, are sustaining, and/or are likely to sustain as a result of Defendant's wrongful acts.

60. Defendant's use of the FUNNELS Mark and/or confusingly similar marks has been intentional and willful. Defendant's bad faith is evidenced at least by the similarity of the marks on Defendant's products to the FUNNELS Mark, on the packaging of the Defendant product, and the extensive nature of the infringement. Because of the willful nature of Defendant's wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits under 15 U.S.C. § 1117.

61. Pursuant to 15 U.S.C. § 1117, Plaintiffs are also entitled to recover its costs of suit and its attorneys' fees because this is an exceptional case.

## COUNT IV
## COMMON LAW TRADEMARK INFRINGEMENT
## AND UNFAIR COMPETITION

62. Plaintiffs repeat and allege each and every allegation of paragraphs 1 through 61, above, as though fully set forth herein.

63. Plaintiffs were the first to use FUNNELS Mark. As a result of Plaintiffs continuous promotion and sales of products bearing the Mark, the FUNNELS Marks has become widely known, and Funnels, LLC has been identified in the public mind as the manufacturer of the products to which the FUNNELS Mark is applied.

64. As a result of the experience, care, and service of Funnels, LLC in producing the products to which FUNNELS Mark is applied, these products have become widely known and have acquired a reputation for quality, styling, and authenticity. Moreover, the FUNNELS Mark has come to symbolize Funnels, LLC's reputation for quality and excellence.

65. Defendant, with knowledge and intentional disregard of Plaintiffs' rights, continues to advertise, promote, and sell products using the FUNNELS Mark and/or confusingly similar marks. Defendant's acts have caused, continue to cause, and/or are likely to cause confusion as to the source and/or sponsorship of Plaintiffs' products.

66. In addition to the illegal marketing and selling of its infringing product Defendant has engaged in a campaign of deception and intimidation against Plaintiff Funnels, LLC's distributors by threatening litigation and making meritless and false demands that Plaintiffs' distributors cease and desist in selling Plaintiff, LLC's products.

67. Defendant's acts alleged herein and specifically, without limitation, Defendant's use, manufacture, promotion, offers to sell, campaign of intimidation and deception, and/or selling products that are confusingly similar to products bearing the

FUNNELS Mark, infringe Plaintiffs' exclusive trademark rights in violation of the common law.

68. As a direct and proximate result of Defendant's wrongful acts alleged above, Plaintiffs have suffered, continue to suffer, and/or are likely to suffer damage to their trademark, business reputation, and goodwill that money cannot compensate. Unless restrained, Defendant will continue to use the FUNNELS Mark and/or confusingly similar marks, will continue in its campaign of intimidation and deceptive marketing practices, and will cause irreparable damage to Plaintiffs for which they have no adequate remedy at law. Thus, Plaintiffs are entitled to an injunction restraining Defendant and, as applicable, Defendant's other officers, members, agents, servants, and employees, and all persons acting in concert with them, from using the FUNNELS Mark and/or any confusingly similar marks in connection with Defendant and the promotion, marketing, offer to sell, or sale of any Defendant's products.

69. Defendant's use of the FUNNELS Mark and/or confusingly similar marks has been intentional and willful. Defendant's bad faith is evidenced at least by the similarity of its product to the FUNNELS Mark and the extent of the infringement.

**JURY DEMAND**

70. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs hereby demands a trial by jury of all issues so triable.

**PRAYER FOR ELIEF**

WHEREFORE, Plaintiffs Nathan M. Kight and Funnels, LLC respectfully pray for:

1. A judgment and order that Defendant Crunchy Tobacco, Inc. has willfully (A) infringed Plaintiffs' FUNNELS trademark in violation of 15 U.S.C. §1114, (B) used false designations of origin in violation of 15 U.S.C § 1125(a), (C) diluted at least the Plaintiffs' Mark in violation of 15 U.S.C. § 1125(c), and (D) violated Plaintiffs' common law rights

COMPLAINT - Page 14

in their registered and common law trademarks.

2. A judgment and order enjoining Defendant Crunchy Tobacco, Inc. and its affiliates, officers, agents, employees, attorneys, and all other persons acting in concert with it, during the pendency of this action and permanently thereafter from:

a. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to Original Crunchy Funnel) under Plaintiffs' asserted marks, any marks substantially indistinguishable therefrom, or any other marks, names, symbols, or logos which are likely to cause confusion or to cause mistake or to deceive persons into the erroneous belief that any products that Defendant Crunchy Tobacco, Inc. caused to enter the stream of commerce or any of its commercial activities are sponsored or licensed by Plaintiffs, are authorized by Plaintiffs, or are connected or affiliated in some way with Plaintiff Funnels, LLC or its asserted marks;

b. Manufacturing, transporting, promoting, advertising, publicizing, distributing, offering for sale, or selling any products (including but not limited to Original Crunchy Funnel) under Plaintiffs' asserted marks, any marks substantially indistinguishable therefrom, and/or confusingly similar marks;

c. Implying Plaintiffs' approval, endorsement, or sponsorship of, or affiliation or connection with any of Defendant's products, services, or commercial activities, passing off Defendant's business as that of Plaintiffs, or engaging in any act or series of acts which, either alone or in combination, constitutes unfair methods of competition with Plaintiffs and from otherwise interfering with or injuring Plaintiffs' asserted marks or the goodwill associated therewith;

  d.  Engaging in any act which is likely to dilute the distinctive quality of the Plaintiffs' asserted marks and/or injures Plaintiffs' business reputation;

  e.  Representing or implying that Defendant Crunchy Tobacco, Inc. is in any way sponsored by, currently affiliated with, or licensed by Plaintiffs; or

  f.  Knowingly assisting, inducing, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in paragraphs 2(a) to (e) above.

  3.  An order that Plaintiffs are the exclusive owners of their asserted marks and that such marks are valid and protectable.

  4.  An order that Defendant Crunchy Tobacco, Inc. be required to deliver to Plaintiff Funnels, LLC for destruction any and all products, digital files, packaging, printed graphics, promotional materials, business cards, signs, labels, advertisements, flyers, circulars, and any other items in any of their possession, custody, or control bearing Plaintiffs' asserted marks, any marks substantially indistinguishable therefrom, confusingly similar marks;

  5.  An order granting an award of damages suffered by Plaintiffs according to proof at the time of trial;

  6.  An order that Defendant Crunchy Tobacco, Inc. account to Plaintiff Funnels, LLC for any and all profits earned as a result of Defendant Crunchy Tobacco, Inc.'s acts in violation of Plaintiffs' rights;

  7.  An award of three times the amount of compensatory damages and increased profits pursuant to 15 U.S.C. § 1117;

  8.  An award of statutory damages pursuant to 15 U.S.C. § 1117(c);

  9.  An order granting an award of punitive damages for the willful and wanton nature

of Defendant Crunchy Tobacco, Inc.'s aforesaid acts under the common law;

      10.      An order granting pre-judgment interest on any recovery by Plaintiffs;

      11.      An order granting an award of Plaintiffs' costs, expenses, and reasonable attorneys' fees; and

      12.      Granting such other and further relief as is just and proper.

Dated: December 6, 2021

/s/ Thomas A. Mauro  
Thomas A. Mauro, Esq. #184515  
Mauro Law Offices, P.C.  
10 G Street N.E., Suite 600  
Washington, DC 20002  
Phone: (202) 452-9865  
Fax: (202) 331-1940  
Email: tmauro@tmaurolaw.com  
Attorney for the Plaintiffs