UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **NATHAN M. KIGHT** *et al.*,<br><br>        Plaintiffs,<br><br>    v.<br><br>**CRUNCHY TOBACCO, INC.**,<br><br>        Defendant. | Civil Action No. 21-cv-3189-CKK-MAU |

**MEMORANDUM OPINION
AWARDING DEFENDANT'S ATTORNEY'S FEES**

Before the Court is Defendant Crunchy Tobacco, Inc.'s ("Crunchy") Petition for Attorneys' Fees. ECF No. 40. Plaintiffs Nathan M. Kight and Funnels, LLC (collectively "Funnels") oppose Crunchy's request. ECF No. 44.

The fee award in this case stems from Crunchy's Motion to Compel Discovery and for Sanctions and Motion in Limine ("Motion"). ECF No. 32. In its Motion, Crunchy moved for sanctions under Federal Rule of Civil Procedure 37 for Funnels' alleged discovery violations. *See* ECF No. 32 at 4-5. Funnels opposed the Motion and Crunchy's request for sanctions. ECF No. 34.

The Court held a hearing on Crunchy's Motion on July 14, 2023. At that time, the Court gave both Parties an opportunity to be heard as to the discovery dispute and further provided Funnels an opportunity to address whether its failure to comply with discovery was substantially justified. During the hearing, the Court repeatedly questioned counsel for Funnels about why Funnels had failed to comply with many of its discovery obligations. Counsel provided no meaningful explanation, let alone substantial justification, for its failure to comply with discovery. For a number of reasons, including Funnels' admissions that its failure to comply with several of

1

its discovery obligations was not justified, the Court largely granted Crunchy's Motion. *See* ECF No. 39. The Court also awarded Crunchy the reasonable attorney's fees and costs it had incurred in bringing the Motion pursuant to Rule 37. *See* ECF No. 39. The Court further ordered Crunchy to file its substantiation of fees, which it did on August 7, 2023. ECF No. 40. Upon consideration of the Parties' filings, including documentation supporting Crunchy's fees and costs, the Court hereby awards Crunchy its attorney's fees and costs in the amount of $8,246.45.

## DISCUSSION

### I. The Court Rejects Funnels' Attempt to Relitigate the Basis for the Fee Award.

Funnels raises a number of unavailing arguments challenging the underlying basis for the fee award. First, Funnels argues that the "American Rule" on attorney's fees prohibits the Court from awarding Crunchy its reasonable fees and costs. ECF No. 44 at 3–4. Funnels is wrong. As an initial matter, the Court has already awarded Crunchy its fees. ECF No. 39. The fact that Crunchy filed its documentation supporting the award as a "motion"[1] does not change the posture of the case and does not reopen any merits arguments as to why Crunchy should be granted its fees. In any event, Funnels is wrong on the law. Rule 37 clearly authorizes this Court to award a party its reasonable fees and costs in connection with a successful motion to compel. *See* Fed. R. Civ. P. 37(a)(5). In fact, the Rule *requires* the Court to do so absent circumstances which are not present here. *See id*.

---

[1] Crunchy improperly filed its petition as a Motion for Attorney's Fees. ECF No. 40. The Court has already awarded attorney's fees, and as such, Crunchy was directed to simply file its substantiation of attorney's fees. *Id.* at 2. For this reason, as set forth herein, the Court is not entertaining relitigation of the underlying basis for the fee award, as Funnels already had two opportunities to raise its merits arguments in opposition to any fee award: in its Opposition to the Motion and at the July 14, 2023 oral argument.

Second, Funnels makes a number of arguments regarding its alleged compliance with discovery and Crunchy's conduct during discovery. *See* ECF No. 44 at 6-10. This includes Funnels' complaint that Crunchy failed to follow the District Judge's standing order on discovery prior to filing its motion to compel. *See id.* at 8. Funnels' arguments are not relevant at this stage, as the Court has already ruled on the Motion to Compel and awarded fees. In all its protestations, Funnels fails to provide any meaningful justification for its staggering failure to produce the discovery at issue.

Upon granting a motion to compel, the Court must, "after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A). Therefore, the inquiry here is simple: are Crunchy's expenses in making the Motion reasonable?

II.   **Crunchy's Petition for Fees and Costs**

The Court generally "enjoys substantial discretion in making reasonable fee determinations." *Swedish Hosp. Corp. v. Shalala*, 1 F.3d 1261, 1271 (D.C. Cir. 1993); *see also Beck v. Test Masters Educ. Servs., Inc.*, 289 F.R.D. 374, 382 (D.D.C. 2013) (stating district court has broad discretion in determining an appropriate attorney's fee award). It is the moving party's burden to prove that the requested fees and costs are reasonable. *See CFTC v. Trade Exch. Network Ltd.*, 159 F. Supp. 3d 5, 8 (D.D.C. 2015). The party requesting fees must provide documentation justifying the request. *See, e.g.*, *Nat'l Ass'n of Concerned Veterans v. Sec'y of Def.*, 675 F.2d 1319, 1324-30 (D.C. Cir. 1982) (per curiam); *see also Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (explaining evidence must be submitted that supports the hours worked). The Court retains discretion to reduce the amount based on specific objections. *DL v. District of Columbia*, 256 F.R.D. 239, 243 (D.D.C. 2009); *see also Donnell v. United States*, 682 F.2d 240, 250 (D.C. Cir.

1982). When a court grants an award of attorney's fees and costs under Rule 37, "the [i]nitial estimate for attorneys' fees is calculated by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *DL*, 256 F.R.D. at 242 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). There is a strong presumption that this number—the lodestar figure—represents a reasonable fee. *Id.*

### A. Reasonableness of Crunchy's Rates

The Court first considers whether the hourly rates charged in this case were reasonable. To meet its burden to show that the requested rate is reasonable, a party must "'produce satisfactory evidence—*in addition* to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation.'" *Eley v. District of Columbia*, 793 F.3d 97, 100 (D.C. Cir. 2015) (quoting *Blum*, 465 U.S. at 895 n.11). As this Circuit has held, a reasonable fee is one that is "adequate to attract competent counsel, but that does not produce windfalls to attorneys." *West v. Potter*, 717 F.3d 1030, 1033 (D.C. Cir. 2013) (internal quotation marks omitted). To show the prevailing market rate, a fee applicant may submit attorneys' fees matrices as evidence. *Eley*, 793 F.3d at 100. One commonly used matrix is the *Laffey* Matrix that the United States Attorney's Office for the District of Columbia has compiled. *Id.* at 101.

Here, Crunchy's counsel does not seek *Laffey* rates for his services, but rather his current, usual billing rate, which is far below the *Laffey* rate. There are two categories of timekeepers: 1) Crunchy's lead counsel, Michael C. Whitticar, Esq., at a rate of $250/hour; and 2) Crunchy's paralegals at a rate of $125/hour. ECF No. 40 at 2. Mr. Whitticar has filed a declaration attesting to the fact that he has more than 30 years of federal court experience in the areas of intellectual property and commercial litigation. ECF No. 45-1 at 1. By comparison, the rate for a comparable

attorney under the *Laffey* Matrix is more than $900/hour. ECF No. 40-3 at 1. Crunchy's hourly paralegal rate, moreover, is $125/hour, which is substantially less than the *Laffey* rate of $225/hour. ECF No. 40 at 2; ECF No. 40-3 at 1. Mr. Whitticar has also submitted a sworn statement—which Funnels has failed to rebut—attesting to the fact that his rate and that of his paralegal are at or below the prevailing market rates for comparable attorneys and paralegals in Northern Virginia and the District of Columbia. ECF No. 40 at 2. Moreover, although Funnels argues that the *Laffey* Matrix "should not be a factor," Funnels does not make any specific argument as to why Crunchy's counsel's rate is unreasonable. ECF No. 44 at 5. The Court finds that both the attorney and paralegal rates set forth in the submission are reasonable.

### B. Reasonableness of Crunchy's Hours

To support the reasonableness of the hours spent, a party seeking fees must "maintain contemporaneous, complete and standardized time records which accurately reflect the work done by each attorney." *Weisberg v. Webster*, 749 F.2d 864, 873 (D.C. Cir. 1984) (internal quotation marks omitted). When determining whether the number of hours expended is reasonable, the Court will disregard hours that are "duplicative, excessive, or otherwise unnecessary." *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 8, 34 (D.D.C. 2010). "A near 'but for' relationship must exist between the Rule 37 violation and the activity for which fees and expenses are awarded." *Cobell v. Babbitt*, 188 F.R.D. 122, 127 (D.D.C. 1999) (internal citation omitted). Using its broad discretion under Rule 37, the Court may make an independent assessment of whether the hours claimed are justified. *Beck*, 289 F.R.D. at 384.

In this case, Crunchy originally sought $6,746.45 in fees and costs. *See* ECF No. 40 at 2. Funnels filed an opposition to Crunchy's motion asking that the Court deny Crunchy's motion in its entirety. *See* ECF No. 44. Crunchy filed a reply on August 22, 2023, increasing the amount

requested to $9,452.70 and arguing that this increase was necessary to account for Funnels' continued discovery violations and to prepare the Reply brief in support of Crunchy's fee petition. ECF No. 45.

Funnels makes a number of arguments as to why Crunchy's request is unreasonable. *See generally* ECF No. 44. As Crunchy points out, however, Funnels argues that the fees "seem excessive," but fails to offer any "competent declaration or opinion testimony stating that they are excessive by any objective or established standard or amount." ECF No. 45 at 2. Indeed, Funnels' arguments as to the reasonableness of hours expended are conclusory and unsupported.

First, as Funnels argues, counsel for Crunchy orally represented in the hallway during the hearing on the Motion that he spent approximately ten hours in preparing and arguing the motion to compel. ECF No. 44 at 2. Because Crunchy now seeks 17.6 hours of counsel time and 15.4 hours of paralegal time, Funnels demands that the Court strike the petition in its entirety. *Id.* at 2-3. The informal statement that Crunchy's counsel might have made to Funnels' counsel in the hallway is neither controlling nor dispositive of this issue. As Crunchy's counsel has stated under oath, the hallway conversation was an "off the cuff" comment and was merely a "rough guesstimate" without having any "access to any actual billing records or calculations." ECF No. 45-1 at 1. Funnels' argument that the entire fee petition should be rejected on this basis is without merit.

Second, Funnels argues that the time Crunchy's counsel (3.9 hours) and paralegal (5.8 hours) spent on Crunchy's Reply in Support of its Motion to Compel (ECF No. 35) "seems excessive." ECF No. 44 at 3. Given the number of discovery requests at issue and the arguments and evidence Crunchy submitted in connection with its Motion and Reply, it is hardly excessive for Crunchy's counsel to have spent approximately 4 hours on the Reply brief. If anything, Mr.

6

Whitticar appears to have maximized his efficiency based on the manner in which he employed his paralegals. Funnels also argues that the time that Crunchy's counsel spent preparing a Motion for Leave to File a Sur-reply that the Court ultimately denied should be excluded from any award. ECF No. 44 at 3. As Crunchy's counsel explains under oath, however, it has submitted only half of the time for this task because the work it did to prepare the Sur-reply was ultimately used to prepare for oral argument on the Motion. ECF No. 40 at 1-2; ECF No. 45-1 at 2. Funnels' other arguments about specific entries are similarly unavailing.

There are a class of entries, however, which the Court will exclude in awarding fees to Crunchy. These are entries relating to ongoing review of discovery documents which are not tasks strictly undertaken "but for" the motion to compel and which Crunchy would have had to undertake notwithstanding the Motion. These entries are detailed in ECF No. 45-2 and included under the heading "Discovery Review and Deficiency Analysis." ECF No. 45-2. The Court has excluded these entries from the final fee award and has only awarded Crunchy the time set forth in its August 7, 2023 billing statement (ECF No. 40-1) and the time spent preparing the Reply brief (4 hours of attorney time and 4 hours of paralegal time) as set forth in Crunchy's August 22, 2023 billing statement at ECF No. 45-2. That leaves a total of 22.4 hours of compensable attorney time and 20.4 hours of compensable paralegal time. Multiplying those sums by the applicable rate for Mr. Whitticar (22.4 x $250) and his paralegals (20.4 x $125) equates to a total fee award of $8,150.

Crunchy has also submitted its documentation of costs in the amount of $96.45 incurred in bringing the Motion. ECF No. 40-2 at 2. Funnels does not make any specific argument in opposition to these costs. Accordingly, the Court will award these costs to Crunchy.

## **CONCLUSION**

For the foregoing reasons, Crunchy's Petition for Attorneys' Fees is **GRANTED IN PART AND DENIED IN PART**. The Court will issue a separate Order.

Date: February 14, 2024

                                                  MOXILA A. UPADHYAYA
                                                  UNITED STATES MAGISTRATE JUDGE