UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATHAN M. KIGHT, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>CRUNCHY TOBACCO, INC.,<br><br>*Defendant*. | No. 21-cv-3189 (CKK) (MAU) |

## REPORT AND RECOMMENDATION

Plaintiffs Nathan M. Kight and Funnels, LLC (together, "Plaintiffs") bring this suit for trademark infringement against Defendant Crunchy Tobacco, Inc. ("Defendant"). Before the Court is Plaintiffs' Motion for Summary Judgment ("Motion"). ECF No. 68.[1] The District Court referred Plaintiffs' Motion to this Court for a Report and Recommendation. ECF No. 73. Because Plaintiffs have failed to meet their burden to show that there are no genuine issues of material fact and that they are entitled to judgment as a matter of law, this Court recommends that Plaintiffs' Motion be **DENIED**.

## FACTUAL BACKGROUND

Plaintiffs Nathan M. Kight and Funnels, LLC sell whole-leaf tobacco products called "Original Funnels" and "Funnels Blackout." ECF No. 1 ¶¶ 11–12.[2] Kight is the owner of Funnels LLC, a Maryland limited liability company. Pls.' Statement of Undisputed Material Facts

---

[1] Relevant docket entries are: (1) Plaintiffs' Motion for Summary Judgment (ECF No. 68 and attachments); (2) Defendant's Opposition (ECF No. 72 and attachments); and (3) Plaintiffs' Reply (ECF No. 74 and attachments). Citations are to the page numbers in the ECF headers.

[2] Both Parties fail to include certain foundational facts in their briefs and Local Rule 7(h) statements. To provide background and context, the Court has relied on portions of the record the Parties do not cite.

1

Including Evid. in Supp. of Pls.' Mot. for Summ. J. Pursuant to Local Civil Rule 7(h), ECF No. 68-1 at 1. Plaintiffs sell their products to consumers through independent distributors throughout the District of Columbia, Maryland, and Virginia. ECF No. 1 ¶ 14. Plaintiffs presently own a trademark registered with the U.S. Patent and Trademark Office ("USPTO") for the word mark "FUNNELS." ECF Nos. 68-1 ¶ 14; 59 at 5.[3]

Defendant is a Virginia corporation that sells tobacco products in the District of Columbia. ECF Nos. 1 ¶ 5; 59 at 3. Defendant sells its products under marks including "CRUNCHYFUNNEL," "CRUNCHY FUNNEL" and "DARK CRUNCHY FUNNEL." ECF Nos. 68 at 9; 59 ¶ 7. Defendant filed its applications for these marks in December 2020 and February 2021. Crunchy Tobacco's Objs. & Resps. to Pl.'s Statement of Undisputed Material Facts 10–11, ECF No. 72-6. The USPTO granted the trademarks in March 2022 and September 2023, respectively. *Id.* The Parties dispute when Defendant began selling its products under these marks. *See id.* at 10.

This dispute is about Plaintiffs' word mark "FUNNELS." In July 2011, Kight filed a trademark application for the word mark "FUNNELS," identifying the following goods: "Chewing tobacco; Hand-rolling tobacco; Hookah tobacco; Molasses tobacco; Roll your own tobacco; Rolling tobacco; Smoking tobacco; Tobacco." ECF No. 68-1 ¶ 3. Funnels, LLC joined Kight's trademark application in November 2011. *Id.* ¶ 4. In May 2012, the USPTO issued to Plaintiffs a registration for the "FUNNELS" word mark. *See id.*; ECF No. 59 ¶ 48. In October 2018, however, Plaintiffs' registration number was administratively cancelled because Plaintiffs failed to file an acceptable declaration required for trademark registration maintenance. ECF Nos. 68-1 ¶ 7; 68-3

---

[3] Defendant filed its Second Amended Answer and Counterclaim twice, at ECF Nos. 59 and 60. Because these documents are identical, the Court cites only to ECF No. 59.

at 2. In January 2019, Kight filed another trademark application for "FUNNELS." ECF No. 68-1 ¶ 8. In December 2019, after an initial delay and amendment to the application, the USPTO issued Plaintiffs a registration for the "FUNNELS" word mark under Registration Number 5947822. *Id.* ¶¶ 12–14; ECF No. 64-3 (USPTO Certificate of Registration for "FUNNELS").

## PROCEDURAL HISTORY

On December 6, 2021, Plaintiffs filed this Complaint, asserting claims for: (1) trademark infringement in violation of 15 U.S.C. § 1114(1); (2) false designation of origin and unfair competition in violation of 15 U.S.C. § 1125(A); (3) trademark dilution in violation of 15 U.S.C. § 1225(C); and (4) common law trademark infringement and unfair competition. ECF No. 1 at 8–14.

On February 9, 2022, Defendant filed its Answer, denying all claims. ECF No. 8. The Parties began discovery in May 2022. ECF No. 14. On October 18, 2022, Defendant filed an Amended Answer and Counterclaim. ECF No. 25. After a contentious discovery period, Defendant filed a Second Amended Answer and Counterclaim against Plaintiffs, which is Defendant's operative pleading. ECF No. 59. Defendant asserted claims for: (1) federal trademark infringement under the Lanham Act; (2) federal false advertising and unfair competition under the Lanham Act; (3) "state and DC law false advertising and unfair competition"; and (4) federal copyright infringement. *Id.* at 25–30.

The District Court held a post-discovery status conference on April 15, 2024, during which both Parties stated their intention to file motions for summary judgment. Minute Order (Apr. 15, 2024). Plaintiffs also stated that they would file a motion to remand the case to the USPTO. *Id.* Despite this, Plaintiffs did not file a motion for remand, and Defendant did not file a cross-motion

3

for summary judgment. The only dispositive motion before this Court is Plaintiffs' Motion for Summary Judgment. ECF No. 68.

## STANDARD OF REVIEW

The Court should grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the nonmovant. *Id.* Importantly, a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record," including depositions, documents, affidavits, or other materials. Fed. R. Civ. P. 56(c)(1)(A). The movant "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of'" the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Summary judgment should only be granted "where the evidence is such that it would require a directed verdict for the moving party." *Liberty Lobby*, 477 U.S. at 251 (internal quotation marks and citation omitted).

## ANALYSIS

Although both Parties in this case are represented by counsel, neither Party makes a coherent presentation in support or defense of Plaintiffs' Motion. The briefs are so woefully deficient that the Court is left to guess as to why and how the Parties' respective arguments are relevant to Plaintiffs' claims and Defendant's counterclaims. Instead of attempting to show an absence of a dispute of material fact with citations to the record followed by a discussion of binding legal authority, Plaintiffs present a series of confusing, conclusory arguments with insufficient and,

4

in many cases, no citations to the record or applicable law. Defendant similarly presents a disjointed discussion full of unsubstantiated statements with few references to applicable law. In addition, neither Party provides an adequate Local Rule 7(h) statement of facts.

Because Plaintiffs move for summary judgment on the entire case, they bear the initial burden to show there is no genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 323. They must show the evidence is "so one-sided that one party must prevail as a matter of law." *Liberty Lobby*, 477 U.S. at 252. Here, Plaintiffs fall far short of meeting their burden. As discussed below, Plaintiffs fail to: (I) provide a sufficient and supported statement of material facts not in dispute; and (II) provide specific points of law and authority to support their Motion. *See* LCvR 7(a), (h). These failures warrant denial, not simply for violation of the Local Rules in form. Rather, without sufficient factual support in their Local Rule 7(h) statement to support their Motion, Plaintiffs cannot demonstrate the absence of a genuine issue of material fact. And without providing relevant legal authority as required by Local Rule 7(a), Plaintiffs cannot show that they are entitled to judgment as a matter of law.

I.     **Failure to Provide Sufficient Statement of Material Facts**

A party moving for summary judgment has the burden to "identify[] those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp.*, 477 U.S. at 323 (internal quotation marks and citation omitted). Under Local Rule 7(h), the movant must include a "statement of material facts as to which the moving party contends there is no genuine issue, which shall include references to the parts of the record relied on to support the statement." LCvR 7(h)(1). The Local Rule "places the burden on the parties to focus the court's attention on the salient factual issues in what otherwise may amount to a mountain of exhibits and other materials." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101

5

F.3d 145, 153 (D.C. Cir. 1996) (discussing predecessor rule identical to Local Rule 7(h)); *see Potter v. District of Columbia*, 558 F.3d 542, 553 (D.C. Cir. 2009) (Williams, J. concurring) (Local Rule 7(h) "embodies the thought that judges are not like pigs, hunting for truffles buried in briefs or the record." (internal quotation marks and citation omitted)). A party's failure to comply does not mean the Court is required to "sift through the record, which often contains voluminous deposition transcripts, interrogatory responses, and document productions, in order to evaluate the merits of that party's case." *Jackson*, 101 F.3d at 154. In fact, the Court can deny a motion for summary judgment on this basis alone. *See id.* at 151 ("As litigants repeatedly have been reminded, failure to file a proper [Local Rule 7(h)'s predecessor rule] statement 'may be fatal to the delinquent party's position.'" (quoting *Gardels v. Cent. Intel. Agency*, 637 F.2d 770, 773 (D.C. Cir. 1980)); *see, e.g.*, *Sec. & Exch. Comm'n v. E-Smart Techs., Inc.*, 74 F. Supp. 3d 306, 317 (D.D.C. 2017) ("These deficiencies in her Statements of Fact could alone warrant the grant of summary judgment in the SEC's favor.").

Here, Plaintiffs plainly cannot meet their burden because they fail in their Local Rule 7(h) statement to designate the material facts about which Plaintiffs contend there is no genuine issue. *See generally* ECF No. 68-1. One example is Plaintiffs' attempt to go through a thirteen-factor analysis to establish "likelihood of confusion" between Plaintiffs' mark and Defendant's allegedly infringing marks. *See id.* at 22–29. A court may only grant summary judgment on likelihood of confusion if "the evidence is so one-sided that there can be no doubt about how the question should be answered." *Globalaw Ltd. v. Carmon & Carmon L. Off.*, 452 F. Supp. 2d 1, 48 (D.D.C. 2006) (internal quotation marks and citation omitted). Plaintiffs, however, fail to cite record evidence to establish this lack of doubt in their "likelihood of confusion" discussion. At best, they provide some scant and unpersuasive factual support on *some* factors. For example, on "fame" of their

6

mark, Plaintiffs argue that "it is clear that the FUNNELS mark has gained immense fame, especially in the DMV smoking community" based on other companies' USPTO trademark applications using "funnels" and links to music videos referencing Plaintiffs' products. ECF No. 68 at 25–27. Neither item is in Plaintiffs' Local Rule 7(h) statement or in the record, let alone appears to constitute competent, admissible evidence. Even worse, Plaintiffs rely only on conclusory, unsubstantiated assertions throughout most of their analysis. *See id.* at 22–29. For example, to show "similar trade channels," Plaintiffs merely state without any record support that "Plaintiffs' Goods and the Defendant's Services travel in the same channels of trade, such as Online and the DC Metro area, and are viewed by the same customers, such as those who purchase tobacco and/or tobacco-related products." *Id.* at 25.

Beyond this, Plaintiffs' Motion is rife with factual assertions, blended into legal argument, that are not properly supported with evidence in the record, "improperly placing the burden on the court . . . to winnow the wheat from the chaff." *Jackson*, 101 F.3d at 153 (internal quotation marks and citation omitted); *see, e.g.*, ECF No. 68 at 12 (asserting without citation that "Plaintiffs have sold millions of units of these products over the years (estimated at over ten-million units), which has generated millions of dollars in wholesale revenue (over thirteen-million dollars . . .) since 2017"); *id.* at 18 (asserting without citation that "no one prior to Plaintiffs ever referred to this type of tobacco as 'FUNNELS', because the word 'FUNNELS' is neither a type of tobacco leaf NOR a style of produced tobacco, but instead, is Plaintiffs' brand name"); *id.* at 17 (relying on link to blog post by author "High-Grade Jamaican Leaf," which is not in the record and does not appear to constitute competent, admissible evidence, to assert "Fronto" leaves are "easy to distinguish from other varieties of tobacco leaves due to their unique characteristics, as their dark color and thickness set them apart from whole leaf tobacco"). These "facts," even if relevant, are insufficient

to meet Local Rule 7(h)'s requirements. *See Jackson*, 101 F.3d at 153 (rejecting argument that party's "relevant facts" section could substitute for a proper statement because fact section was "[r]eplete with factual allegations not material to [the party's] substantive claims and repeatedly blending factual assertions with legal argument"); *Davis v. District of Columbia*, 503 F. Supp. 2d 104, 115 (D.D.C. 2007) (noting a party should "not rely on its 'relevant facts' section to meet its burden under [Local Rule 7(h)'s predecessor rule]," especially if that presentation of the facts "mixes factual allegations with legal argument" (citing *Jackson*, 101 F.3d at 153)). By failing to support their Motion with an adequate statement of material facts, Plaintiffs have failed to meet their burden to show the absence of a genuine issue. *See Celotex Corp.*, 477 U.S. at 322. Accordingly, Plaintiffs' Motion should be denied on this basis alone.

II.     **Failure to Provide Specific Points of Law and Authority to Support the Motion**

Even if Plaintiffs could demonstrate the absence of a genuine issue for trial through their Motion and Local Rule 7(h) statement, Plaintiffs have also failed to meet their burden to show they are entitled to judgment as a matter of law. At summary judgment, the movant bears the "initial responsibility" of informing the court as to the "basis for its motion" to establish entitlement to judgment as a matter of law. *Id.* To do so, the movant must support the motion with a "statement of the *specific points of law and authority*." LCvR 7(a) (emphasis added). The Local Rule's purpose is to "ensure that the nonmovant and the court are provided notice of what is sought and the legal basis for the motion." *Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 20 (D.D.C. 2018) (citation omitted). After all, it is well-settled that courts need not consider "asserted but unanalyzed" arguments. *Sec. & Exch. Comm'n. v. Banner Fund Int'l*, 211 F.3d 602, 613–14 (D.C. Cir. 2000) (quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C. Cir. 1983)); *see, e.g.*, *Arizona v. Shalala*, 121 F. Supp. 2d 40, 46 n.4 (D.D.C. 2000) (declining to consider argument under Local Rule 7(a)'s predecessor rule because party did not cite authority). Thus, courts routinely deny

8

motions for summary judgment that fail to articulate legal arguments or cite applicable law. *See, e.g.*, *Sloan v. Urb. Title Servs., Inc.*, 689 F. Supp. 2d 94, 115 (D.D.C. 2010) (denying defendant's motion for summary judgment on fraud claim when his "motion and supporting briefing provide the Court with few details" because defendant, "as the moving party, bears the burden of proving" facts essential to his defense); *Thorp*, 319 F. Supp. 3d at 19–20 (denying motion for summary judgment when "briefing inadequately addresse[d] any claim related to" the issue (internal quotation marks and citation omitted)); *Catalyst & Chem. Servs., Inc. v. Glob. Ground Support*, 350 F. Supp. 2d 1, 20 n.18 (D.D.C. 2004) (denying motion for summary judgment on unfair competition claim and declining to decide matter when plaintiffs "provide no support for this motion in either their memorandum in support or reply" (citing LCvR 7(a)).

Here, Plaintiffs fail to point to any specific legal authority to support the argument that they are entitled to summary judgment on their federal claims. Moreover, although Plaintiffs allege violations of "common law infringement and unfair competition" in their Complaint, they provide no authority to inform the Court which state's laws apply and why Plaintiffs are entitled to judgment as a matter of law on those claims. ECF No. 1 ¶¶ 62–69. Instead, Plaintiffs raise a series of unsubstantiated arguments on various issues without any clear indication as to which claims or defenses those arguments relate. To be clear, the demise of Plaintiffs' Motion is not simply the lack of citations to relevant authority, but rather their failure to explain the applicable legal standards governing their claims and defenses and *why* they are entitled to judgment as a matter of law on each of those claims and defenses.

For example, Plaintiffs argue "there is no genuine dispute as to whether Plaintiffs have been using their mark in commerce consistently since 1999," which means there is no dispute over their "superseding prior use in commerce of the FUNNELS mark." ECF No. 68 at 12. Plaintiffs,

9

however, fail to explain how this argument connects to any claims at issue, nor do they cite any applicable law. It appears, based on the location in their brief, that Plaintiffs are attempting to support an argument that this Court should cancel Defendant's competing marks. *See id.* at 11 (stating Section 37 of the Lanham Act "gives district courts authority to cancel registered marks, not pending trademark registrations" (citing *Kohler Co. v. Bold Int'l FZCO*, 422 F. Supp. 3d 681, 739 (E.D.N.Y. 2018)). Even if the Court would make that assumption, the argument is irrelevant because a cancellation claim is not before this Court.

As another example, Plaintiffs' "likelihood of confusion" argument, which relies solely on out-of-circuit case law, is unconnected to any claim or defense, leaving the Court to speculate as to how that argument relates to Plaintiffs' claims or defenses. *See id.* at 22–29 (citing *In re E.I. du Pont de Nemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973)). The Court could construe Plaintiffs' argument as an attempt to establish the second element of their two federal infringement claims. *See* 15 U.S.C. §§ 1114(1), 1125(a); *Am. Soc'y for Testing & Materials v. Pub. Res. Org.*, 896 F.3d 437, 456 (D.C. Cir. 2018). Even under this generous construction, Plaintiffs' argument is unavailing. Indeed, in addition to the factual deficiencies discussed above, Plaintiffs provide only conclusory statements without any law that each factor weighs in their favor, falling well short of meeting their burden. *See, e.g.*, ECF No. 68 at 24 (arguing without citation on "similarity" factor that Defendant's marks are "virtually identical in appearance, sound, connotation, and commercial impression as Plaintiffs' mark"); *id.* at 28 (arguing without citation on factor related to "right to exclude" that "Plaintiffs have the undeniable right to exclude all others").

The remainder of Plaintiffs' Motion similarly contains confusing arguments that either appear unrelated to claims or defenses, lack reference to relevant legal standards, or both. *See, e.g., id.* at 13–18 (relying mostly on non-binding case law from the Trademark Trial and Appeal

Board to argue their mark is "not merely descriptive" without explaining to which element of which claim or defense this relates); *id.* at 29–31 (relying on a non-binding USPTO decision to argue Defendant "defrauded" the USPTO and thus its marks should be cancelled, which is not a claim before this Court); *id.* at 31–32 (relying on secondary sources and out-of-circuit authority to argue Defendant's use of "copyrighted bags bearing words 'CRUNCHY FUNNEL'" infringes on Plaintiffs' trademark rights, without explaining to which element of which claim or defense this relates); *id.* at 32 (citing no authority to request that the Court revoke Defendant's copyright registration, which is not a claim before this Court); *id.* at 33 (relying on a Florida state trial court decision to argue "it is clear that Defendant committed fraud on the USPTO, the United States Copyright Office, and this honorable Court" and therefore the Court should dismiss Defendant's "entire counterclaim").

That is what *is* in the Motion. What is *not* in the Motion is any argument or reference to applicable law on any of Plaintiffs' four claims or defenses to Defendant's four counterclaims. *See* ECF Nos. 1 at 9–14; 59 at 25–30. Courts "do not sit as self-directed boards of legal inquiry and research." *Banner Fund Int'l*, 211 F.3d at 613 (citation omitted). Even to the extent Plaintiffs possibly allude to specific claims or defenses, it is "not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones." *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) (citation omitted). The Court will not make Plaintiffs' arguments for them. *Cf. Jeffries v. Barr*, 965 F.3d 843, 860–61 (D.C. Cir. 2020) ("This Court is not in the habit of doing parties' lawyering for them, and we decline to take up that task now."). Accordingly, because Plaintiffs have failed to present any specific authority or legal argument as to why they are entitled to summary judgment, Plaintiffs' Motion should also be denied on these grounds.

11

## CONCLUSION

For the foregoing reasons, the Court hereby recommends that Plaintiffs' Motion be **DENIED**.

**SO ORDERED.**

Date:  March 25, 2025

_____
MOXILA A. UPADHYAYA
UNITED STATES MAGISTRATE JUDGE

**Local Civil Rule 72.3(b) Notice**

The Parties are hereby advised that under Local Civil Rule 72.3(b), any party who objects to the proposed findings or recommendations herein must file written objections within fourteen days of being served with a copy of the Report and Recommendation. Objections must specifically identify the portion of the recommendation to which the objection pertains and the basis for the objection. The Parties are further advised that they may waive their right of appeal from an order of the District Court adopting such findings and recommendations if the Parties fail to file timely objections to the findings and recommendation set forth in this Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985).

* * *