UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

NATHAN M. KIGHT, *et al.*,

    Plaintiffs,

    v.

CRUNCHY TOBACCO, INC.,

    Defendant.

Civil Action No. 21-3189 (CKK/MAU)

**MEMORANDUM OPINION**
(April 11, 2025)

    Plaintiffs Nathan Kight and Funnels, LLC moved for summary judgment in this Lanham Act suit against Defendant Crunchy Tobacco, Inc. Following a referral from this Court, Magistrate Judge Moxila A. Upadhyaya issued a [75] Report and Recommendation (the "Report") recommending that the Court deny Plaintiffs' [68] Motion for Summary Judgment (the "Motion" or "Mot."). Plaintiffs timely filed an [76] Objection to the Report. For the reasons that follow, the Court will **ADOPT** the Report and **DENY** Plaintiffs' Motion for Summary Judgment.

**I. BACKGROUND**

    Plaintiff Kight owns Plaintiff Funnels, LLC. Report at 1.[1] Plaintiffs sell whole-leaf tobacco products called "Original Funnels" and "Funnels Blackout" to distributors throughout the District of Columbia, Maryland, and Virginia. *Id.* at 1–2. Plaintiffs registered a trademark for the wordmark FUNNELS with the U.S. Patent and Trademark Office (PTO). *Id.* at 2.

    Defendant Crunchy Tobacco, Inc. also sells tobacco products in the District of Columbia. Report at 2. Crunchy registered trademarks for the wordmarks CRUNCHYFUNNEL, CRUNCHY FUNNEL, and DARK CRUNCHY FUNNEL with the PTO. *Id.*

---

[1] As explained below, the parties failed to comply with Local Civil Rule 7(h) in their summary-judgment briefing. For that reason, Magistrate Judge Upadhyaya was forced to independently develop the factual record in her Report. *See* Report at 1 n.2. The Court will not duplicate that diligent effort and cites to the Report.

1

This suit is about those competing wordmarks. Plaintiffs applied for the FUNNELS wordmark in 2011, and the PTO registered that mark in 2012. Report at 2. But in 2018, the PTO administratively canceled Plaintiffs' mark because Plaintiffs failed to file a declaration required to maintain their registration. *Id.* After Plaintiffs applied again, the PTO eventually issued a new registration for the wordmark FUNNELS in December 2019. *Id.* at 3.

Crunchy applied for and received its three wordmarks *seriatim*. *See* Report at 2. Crunchy applied to register the CRUNCHYFUNNEL mark in December 2020. *See id.* It applied for the CRUNCHY FUNNEL mark later that month. *Id.* And it applied for the DARK CRUNCHY FUNNEL mark in February 2021. *Id.* The PTO then registered these marks in March 2022, March 2022, and September 2023, respectively. *Id.*

In December 2021, Plaintiffs filed this suit, asserting three Lanham Act claims (trademark infringement; false designation and unfair competition; and trademark dilution) and a common-law trademark-infringement claim against Crunchy. *See* Compl., ECF No. 1 at 1. Crunchy filed an Answer denying all three claims, and discovery ensued. *See* Answer, ECF No. 8.

During discovery, Crunchy twice amended its Answer. *See* ECF Nos. 25, 59. Crunchy's operative pleading, the Second Amended Answer and Counterclaim, asserts four counterclaims: trademark infringement under the Lanham Act; false designation and unfair competition under the Lanham Act; common-law false advertising and unfair competition; and copyright infringement under the Copyright Act. ECF No. 59 at 25–29.

At the close of discovery, both parties informed the Court that they would move for summary judgment. Min. Order (Apr. 15, 2024). Only Plaintiffs did so. *See* Mot. The Court referred Plaintiffs' Motion for Summary to Judgment to Magistrate Judge Upadhyaya. Order, ECF No. 73. And Plaintiffs' Objection to the resulting Report and Recommendation is ripe for review.

## II. LEGAL STANDARDS

Following the submission of a report and recommendation, any party may file objections to the proposed findings and recommendations with the district court. Fed. R. Civ. P. 72(b)(3). The district court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." *Id.* But when no objection is lodged, or when an objecting party makes conclusory or general objections, the district court reviews the report and recommendation for clear error only. *Ellis v. Jackson*, 319 F. Supp. 3d 23, 29 (D.D.C. 2018) (TJK). Following such review, the district court may accept, reject, or modify, in whole or in part, the magistrate judge's findings and recommendations. 28 U.S.C. § 636(b)(1).

The Report concerns Plaintiffs' Motion for Summary Judgment. To prevail on a motion for summary judgment, the movant bears the burden of demonstrating "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" if it could affect the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if a reasonable jury could return a verdict for the nonmovant on the evidence presented. *Id.*

The movant "bears the initial responsibility" of "identifying those portions" of the record that "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant carries this initial burden of production, the burden shifts to the nonmovant to identify sufficient evidence in the record for a reasonable jury to find in its favor. *Talavera v. Shah*, 638 F.3d 303, 308 (D.C. Cir. 2011). But the movant always bears the ultimate burden of persuasion, and the Court draws all inferences in the nonmovant's favor. *See id.*

Local Civil Rule 7(h) further guides the form of summary judgment briefing in this District. As the parties know, this "Court strictly adheres" to Rule 7(h). Order, ECF No. 67.

## III. ANALYSIS

The Report recommends denying Plaintiffs' Motion for Summary Judgment for three reasons. The second and third reasons flow inexorably from the first. Plaintiffs violated Local Rule 7(h) by failing to provide a concise statement of material facts supported by record evidence and by failing to provide specific points of law and authority to support their Motion. LCvR 7(a), (h)(1). As a result, Plaintiffs do not meet their initial burden of showing the absence of a genuine issue of material fact. And as a further result, Plaintiffs do not show they are entitled to judgment as a matter of law. To the extent Plaintiffs offer objections to the contrary, the Court is not persuaded. Accordingly, the Court will adopt the Report and deny Plaintiffs' Motion.

**A. Plaintiffs Have Not Shown the Absence of Genuine Disputes of Material Fact.**

Because Plaintiffs did not comply with Local Rule 7(h), they cannot satisfy their burden of showing the absence of a genuine dispute of material fact. Among other things, Rule 7(h) requires that a motion for summary judgment "be accompanied by a statement of material facts as to which the moving party contends there is no genuine issue." LCvR 7(h)(1). That statement must "include references to the parts of the record relied on to support the statement." *Id.*

These requirements "place[] the burden on the parties to focus the court's attention on the salient factual issues in what otherwise may amount to a mountain of exhibits and other materials." *Jackson v. Finnegan, Henderson, Farabow, Garrett & Dunner*, 101 F.3d 145, 153 (D.C. Cir. 1996).[2] In other words, the Rule 7(h) statement is the scaffolding for a motion for summary judgment, framing and supporting the movant's legal argument with the relevant purportedly undisputed facts. This function is critical; summary judgment is a fact-bound endeavor.

---

[2] When the Court set a briefing schedule for motions for summary judgment in this matter, it warned the parties that this "Court strictly adheres to the dictates of Local Civil Rule 7(h)" and "strongly encouraged [the parties] to carefully review *Jackson*." Order, ECF No. 67. Although the Court does not deny Plaintiffs' Motion on this basis, a careful review of *Jackson* would reveal that failure to comply with Rule 7(h) is alone a basis for denial. *See* 101 F.3d at 151.

Recall also that this is a trademark-infringement case. "Because of the intensely factual nature of trademark disputes, summary judgment is generally disfavored in the trademark arena." *Interstellar Starship Servs., Ltd. v. Epix Inc.*, 184 F.3d 1107, 1109 (9th Cir. 1999); *see also* 32 *Federal Procedure, Lawyers Edition* § 74:517 (2025) (observing that summary judgment is "disfavored in trademark infringement cases"). In this context, a movant's burden of factual production—and by extension the importance of the Rule 7(h) statement—is particularly acute.

The Court agrees with Magistrate Judge Upadhyaya that Plaintiffs "fall far short of meeting their burden" of production, principally because their Rule 7(h) statement is insufficient. Report at 5. The deficiencies pervade the Rule 7(h) statement and Plaintiffs' Motion, but one critical example suffices to illustrate the broader problem and defeat Plaintiffs' Motion.

With some exceptions, Plaintiffs' claims all require the same basic showings. *See Breaking the Chain Found., Inc. v. Capitol Educ. Support, Inc.*, 589 F. Supp. 2d 25, 29 (D.D.C. 2008) (CKK) (explaining that Lanham Act and common-law claims are "evaluated under the same standards"). The "keystone" element of those claims is "likelihood of confusion." *Jack Daniel's Props., Inc. v. VIP Prods. LLC*, 599 U.S. 140, 147 (2023) (quoting 4 J. McCarthy, *Trademarks and Unfair Competition* § 23:1 (5th ed. 2023)). That is, Plaintiffs must show that the purchasing public is likely to be confused by Crunchy's allegedly infringing marks. *See Am. Soc'y for Testing & Materials v. Public.Resource.Org., Inc.*, 896 F.3d 437, 456 (D.C. Cir. 2018) ("*ASTM*").

Whether competing marks engender a "likelihood of confusion is an issue of fact." 3 McCarthy § 23:2:50. For that reason, "[i]t is difficult, but not impossible," for a plaintiff to obtain summary judgment on the grounds that confusion is so clear that "there is no triable issue of infringement." 5 McCarthy § 32:121. To establish a likelihood of confusion, plaintiffs typically rely on survey evidence, evidence of actual confusion in the marketplace, or visual inspections by

the Court. 3 McCarthy § 23:2:50. (That final method is permissible, but strongly disfavored. *See Calvin Klein Cosms. Corp. v. Lenox Lab'ys, Inc.*, 815 F.2d 500, 505 (8th Cir. 1987) ("[C]aution should be used to avoid putting too much stock in a subjective inspection . . . .").)

Plaintiffs took a different tack. Their Rule 7(h) statement does not even mention "confusion," let alone identify undisputed facts relevant to the issue by reference to record evidence. *See* ECF No. 68-1. Having failed to create and supply a useful factual record, Plaintiffs resort to *ipse dixit* and citation to miscellaneous sources outside the record to support their Motion. For example, Plaintiffs assert—with no citation at all—that the parties' products "travel in the same channels of trade . . . and are viewed by the same customers." Mot. at 25. Elsewhere, Plaintiffs boast that their "FUNNELS mark has gained immense fame." *Id.* at 27. But the only evidence they offer for that factual assertion are YouTube videos (which are not in the record), descriptions of trademark applications by third parties (which are not in the record), and an estimate of Plaintiffs' wholesale revenue since 2017 (which is entirely unsupported). *Id.* at 26–27.

In short, Plaintiffs did not "identify those portions" of the record that "demonstrate the absence of a genuine issue of material fact" on the issue of likelihood of confusion. *Celotex*, 477 U.S. at 323. In fact, doing so was impossible because Plaintiffs never made a record at all.

To be clear, and as Magistrate Judge Upadhyaya ably catalogued, this problem was not unique to Plaintiffs' likelihood-of-confusion analysis. *See* Report at 7–8 (describing similar unsupported factual allegations throughout the Motion). But because likelihood of confusion is essential to all of Plaintiffs' claims, this failure alone suffices to doom the Motion.

Plaintiffs offer no persuasive objection to the contrary. Instead of addressing the dearth of record evidence, Plaintiffs contend that their extra-record evidence and unsupported allegations were sufficient. Objection at 4-6. But Rule 56 requires more. And the Motion must be denied.

**B. Plaintiffs Have Not Shown Entitlement to Judgment as a Matter of Law.**

Separately, the Court agrees with the Report's conclusion that summary judgment is unwarranted because Plaintiffs have not shown they are entitled to judgment as a matter of law. Report at 8. Again, this fatal defect follows from Plaintiffs' violation of Local Rule 7(h).

Rule 7(h) requires that a motion for summary judgment "contain or be accompanied by a memorandum of points and authorities" compliant with Rule 7(a). LCvR 7(h)(1). In turn, Rule 7(a) requires that a motion "include or be accompanied by a statement of the specific points of law and authority that support the motion." *Id.* 7(a). The purpose is basic: When a party files a motion, the court and nonmovant need to know "what is sought and the legal basis for the motion." *Thorp v. District of Columbia*, 319 F. Supp. 3d 1, 20 (D.D.C. 2018) (JEB) (citation omitted).

Plaintiffs' Motion does not clear this low hurdle.[3] As a result, Plaintiffs cannot show, as they must, that they are entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a).

Start with Plaintiffs' Lanham Act claims. Those claims—like all claims—have elements that must be proven to receive relief. *See ASTM*, 896 F.3d at 455–56 (describing those elements). But Plaintiffs' Motion never points the Court to a case explaining what those elements are. *See generally* Mot. Indeed, other than listing Plaintiffs' claims in a few places, the Motion does not even cite the Lanham Act. *See generally id.* Without describing the requirements for winning a judgment as a matter of law, Plaintiffs cannot show they are entitled to such a judgment.

Plaintiffs' common-law claim fares no better. To resolve that claim, the Court must apply D.C. choice-of-law rules to identify the applicable state law. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 469 (1941). But the Motion does not even mention this issue—let alone explain what the relevant state law requires and why Plaintiffs should win.

---

[3] Again, Plaintiffs' failure to comply with Local Rule 7(h) is alone sufficient to deny the Motion. *E.g.*, *Catalyst Chem. Servs., Inc. v. Glob. Ground Support*, 350 F. Supp. 2d 1, 20 n.18 (D.D.C. 2004) (HHK).

7

And recall that Crunchy asserted four counterclaims. Plaintiffs appear to seek summary judgment on those claims as well as their own. But the Court cannot be sure because the Motion barely mentions the counterclaims. The body of the Motion uses the term "counterclaim" only once, near a conclusory assertion that "it is clear that Defendant committed a fraud on the" PTO and the Court. Mot. at 33. The Motion does briefly discuss copyright law—which would appear relevant only to Crunchy's counterclaim under the Copyright Act. *Id.* at 31–32. But again, Plaintiffs nowhere describe the elements of a claim under the Copyright Act or explain why Crunchy cannot establish those elements. *See id.*

Plaintiffs' Objection does nothing to persuade the Court to reject the Report's conclusion. There, Plaintiffs protest that they cited a litany of cases—thirty-four by their count. Objection at 7. But none of those cases come from either this Court or the U.S. Court of Appeals for the D.C. Circuit. So none inform the Court of the law it must apply in this case. By way of example, Plaintiffs rely heavily on *Application of E.I. Dupont DeNemours & Co.*, 476 F.2d 1357 (C.C.P.A. 1973), a half-century-old case from the long-defunct U.S. Court of Customs and Patent Appeals. *See* Mot. at 22–29. A Westlaw search reveals that *Dupont* has been cited in only one opinion ever issued in this Circuit: Magistrate Judge Upadhyaya's Report.

To the extent the Objection argues that the Motion sufficiently *alludes* to the law relevant to the claims and defenses at issue, that argument fails. It is "not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work" for them. *Schneider v. Kissinger*, 412 F.3d 190, 200 n.1 (D.C. Cir. 2005) (citation omitted).

Worse, Plaintiffs' Objection only further illustrates the problem with the Motion. Like the Motion, the Objection does not cite a single case from this Court or the D.C. Circuit. *See generally* Mot.; Objection. So like Magistrate Judge Upadhyaya, this Court has been forced to do its own

research on the law of trademark that governs in this District, unaided by Plaintiffs. The Objection does reference two Supreme Court cases. But one simply states the summary-judgment standard. Objection at 3 (citing *Anderson*, 477 U.S. at 247). And the other is unhelpful to Plaintiffs—to say the least. *Id.* (requesting that the Court apply "*Chevron* deference"). *But see Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412 (2024) ("*Chevron* is overruled.").

In sum, because Plaintiffs do not present any specific authority or legal argument explaining why they are entitled to summary judgment on the eight claims and counterclaims in this matter, the Court must deny Plaintiffs' Motion.

## IV. CONCLUSION

For the reasons stated, the Court will **ADOPT** the Report in full and **DENY** Plaintiffs' Motion for Summary Judgment. An appropriate order accompanies this Memorandum Opinion.

**DATED:** April 11, 2025.



COLLEEN KOLLAR-KOTELLY
United States District Judge